NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUR'AN GOODMAN, | |
| Petitioner, | Civil Action No. 16-4591 (JMV) |
| v. | |
| PATRICK A. NOGAN, *et al.*, | **OPINION** |
| Respondents. | |

APPEARANCES:

QUR'AN GOODMAN
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
    Petitioner, *pro se*

LUCILLE M. ROSANO
Special Deputy Attorney General
Essex County Veterans Courthouse
50 West Market Street
Newark, NJ 07102
    On behalf of Respondents.

**VAZQUEZ, U.S. District Judge**

    Petitioner initiated this proceeding on July 29, 2016, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1 at 1.) Petitioner challenges his judgment of conviction and sentence entered on February 5, 2007, in Superior Court, Essex County, New Jersey. (ECF No. 7.) Before this Court is Respondents' Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as untimely. ("Mot. To Dismiss") (ECF No. 10.) Petitioner filed a letter-brief in

opposition to the motion to dismiss. (ECF Nos. 12, 13.) For the reasons discussed below, the Court denies Respondents' motion to dismiss, and orders Respondents to file a full and complete answer to the amended petition.

## I. PROCEDURAL HISTORY

On September 12, 2006, a jury in the Superior Court of New Jersey, Essex County, Law Division, found Petitioner guilty of murder and weapons charges. (ECF No. 10-3 at 9, 11.) On February 5, 2007, Petitioner was sentenced to a 30-year term of imprisonment, with a 30-year term of parole ineligibility. (*Id.* at 11-12.) Petitioner filed a direct appeal, which was denied by the Appellate Division on August 9, 2010. *State v. Goodman*, 415 N.J. Super. 210 (N.J. Super. Ct. App. Div. Aug. 9, 2010). The New Jersey Supreme Court denied certification on January 7, 2011. *State v. Goodman*, 205 N.J. 78 (2011).

On April 7, 2011, Petitioner filed a petition for post-conviction relief. *State v. Goodman*, Ind. No. 04–11–3543, 2014 WL 113698, at *1 (N.J. Super. Ct. App. Div. Jan. 14, 2014). The Appellate Division reversed and remanded to the PCR Court on January 14, 2014. *Id.* at *3. After a holding a hearing, the PCR Court denied relief in a written decision on April 11, 2014. *State v. Goodman*, Indictment No. 04–11–3543, 2015 WL 9947700, at *2 (N.J. Super. Ct. App. Div. Feb. 3, 2016). The Appellate Division affirmed the PCR Court on February 3, 2016. *Id.* at *4. On May 19, 2016, the New Jersey Supreme Court denied certification. *State v. Goodman*, 226 N.J. 211 (2016).

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from a State's highest court, the judgment of conviction becomes final and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). A properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

### III. DISCUSSION

Respondents assert that 456 days passed between the date of Petitioner's judgment of conviction and the date this Court ordered Respondents to answer the amended habeas petition on December 2, 2016, making the petition untimely. (ECF No. 10-1 at 5-6.) This calculation reflects

3

that Petitioner did not file a notice of appeal for direct review until October 31, 2007, months after the deadline had passed. (*Id.*)

Petitioner contends that he signed his notice of appeal in court on the day of his sentencing. (ECF No. 12 at 4.) According to Petitioner, the exhibit that Respondents submitted (Respondents' Exhibit D, ECF No. 10-3 at 14) in support of their assertion that Petitioner's notice of appeal was not filed until October 31, 2007, is not the original notice of appeal that Petitioner signed. (*Id.*) Petitioner asserts his direct appeal was timely. (*Id.*)

The issue before the Court is when Petitioner's judgment became final pursuant to § 2244(d)(1), triggering the start of the one-year statute of limitations. In *Kapral v. United States*, the Third Circuit Court of Appeals addressed when a criminal conviction becomes "final" within the meaning of the limitations provision of 28 U.S.C. § 2255. *Kapral v. U.S.*, 166 F.3d 565, 566 (3d Cir. 1999). The court noted that its holding applied to the definition of "final" judgments under both § 2255 and under § 2244(d)(1)(A) for state prisoners. *Id.* at 574-75 ("we see no principled reason to treat state and federal habeas petitioners differently.") The court held:

> a "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

In this case, the Appellate Division's opinion on direct appeal does not address whether Petitioner's notice of appeal was timely. *State v. Goodman*, 415 N.J. Super. 210, 236 (N.J. Super. Ct. App. Div. Aug. 9, 2010). The Appellate Division decided Petitioner's claims on the merits, suggesting that Petitioner's appeal was not untimely. But even if the Appellate Division had found

4

Petitioner's notice of appeal untimely and permitted Petitioner to appeal out-of-time, his judgment of conviction was not final for purposes of § 2244(d)(1)(A) until direct review concluded. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("[w]e hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A).")

After the Appellate Division affirmed Petitioner's judgment of conviction, the New Jersey Supreme Court denied certification on January 11, 2011. Petitioner then had ninety days to file a petition for certiorari review. Therefore, Petitioner's judgment of conviction became final on April 7, 2011, pursuant to *Kapral*. On the same day, Petitioner filed his petition for post-conviction relief. Thus, the statute of limitations was tolled immediately.

Petitioner's post-conviction proceedings concluded on May 19, 2016. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief . . . after the State's highest court has issued its mandate or denied review . . .") Petitioner filed his habeas petition in this Court on July 29, 2016, well within the one-year statute of limitations. Although the Court administratively terminated the petition because Petitioner did not pay the filing fee, administrative termination is not a dismissal for purposes of the statute of limitations. (Opinion, ECF No. 3 at 2, n. 1.) The petition was timely filed on July 29, 2016. The case was reopened, and Petitioner filed an amended habeas petition on November 23, 2016. (ECF No. 7.)

## IV. CONCLUSION

For the reasons discussed above, the Court denies Respondent's motion to dismiss the petition as untimely.

An appropriate Order follows.

Date: June 20, 2017  
At Newark, New Jersey

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge